# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION | ) |
| | ) |
| DORIS ANNE COX, individually, and as Executor for the Estate of HAROLD E. COX, deceased, | ) ) ) ) |
| | ) Civil Action No. 19-548-MN-SRF |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARRIER CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently before the court in this asbestos-related personal injury action is the motion for summary judgment filed by defendant Nash Engineering Co. ("Nash"). (D.I. 118) Plaintiff Doris Anne Cox ("Plaintiff") did not respond to Nash's motion.[1] For the reasons that follow, the court recommends GRANTING Nash's motion for summary judgment.

### II. BACKGROUND

#### a. Procedural History

On February 21, 2019, plaintiff Harold E. Cox ("Mr. Cox") and plaintiff Doris Anne Cox ("Plaintiff") originally filed this personal injury action against multiple defendants, asserting claims arising from Mr. Cox's alleged harmful exposure to asbestos. (D.I. 1, Ex. A) On March 26, 2019, defendant Foster Wheeler removed the case to this court pursuant to 28 U.S.C. §§

---

[1] Nash filed an opening brief in support of its motion for summary judgment on September 2, 2020. (D.I. 119) Plaintiff's answering brief was due on or before October 16, 2020. (D.I. 124) Plaintiff has not responded to Nash's motion. Based on Plaintiff's failure to respond, Nash filed a motion to dismiss. (D.I. 140)

1442(a)(1), the federal officer removal statute,[2] and 1446. (D.I. 1) Mr. Cox passed away on October 8, 2019. (D.I. 60; D.I. 86 at ¶ 15) On May 13, 2020, Plaintiff filed an amended complaint, which substituted Mr. Cox's estate as a plaintiff in this case. (D.I. 86) On September 2, 2020, Nash filed the present motion for summary judgment, to which Plaintiff did not respond. (D.I. 118)

### b. Facts

#### i. Mr. Cox's alleged exposure history

Plaintiff alleges that Mr. Cox developed mesothelioma as a result of his exposure to asbestos-containing materials during his service as a boiler tender in the United States Navy onboard the *USS Chukawan*. (D.I. 86 at ¶¶ 4–21) Plaintiff contends that Mr. Cox developed mesothelioma and ultimately passed away due to his exposure to asbestos-containing products that Nash manufactured, sold, distributed, licensed, or installed. (*Id.* at ¶¶ 11–15) Accordingly, Plaintiff asserts claims for negligence, willful and wanton conduct, strict liability, loss of consortium, and wrongful death. (D.I. 86)

#### ii. Plaintiff's product identification evidence relevant to Nash

Mr. Cox was deposed on April 10, 2019. (D.I. 12; D.I. 119, Ex. B) He testified that the only time he was present while pumps were being worked on was when he worked in the boiler room as boiler tender in the U.S. Navy. (D.I. 119, Ex. B at 105:10–13) Mr. Cox admitted that he never personally performed maintenance work on any pumps. (*Id.* at 118:15–17) Mr. Cox testified that the pumps in the boiler room he worked in were manufactured by Warren. (D.I.

---

[2] The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1).

119, Ex. C at 33:13–34:1) However, Mr. Cox also testified that "[t]here might have been other brands," but he was not positive because they all "looked pretty much alike." (D.I. 119, Ex. B at 126:14–19) Mr. Cox did not testify to having worked on or around any Nash products. (D.I. 119, Exs. B & C)

Plaintiff retained Captain William Lowell ("Captain Lowell") as an expert witness in this case.[3] (D.I. 110) Captain Lowell testified at a deposition on January 23, 2020, and prepared an expert report dated September 24, 2019. (D.I. 57; D.I. 110) Captain Lowell did not, at his deposition or in his expert report, identify any Nash product as a possible cause of Mr. Cox's alleged harmful exposure to asbestos.[4] (D.I. 119, Ex. D at 204:1–208:7)

## III. LEGAL STANDARD

### a. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed

---

[3] The parties stipulated and the court so ordered that Captain Lowell's report dated September 24, 2019, and the transcript of his deposition conducted on January 23, 2020, are admissible for the purposes of product identification and nexus summary judgment motions notwithstanding his death on or about February 16, 2020. (D.I. 110)

[4] Nash cites "Exhibit E at 204:1–208:7" in support of this fact. (D.I. 119 at 3 n.13) However, there is no Exhibit E attached to Nash's opening brief. (*See* D.I. 119) Nevertheless, factual support in the record exists for Nash's assertion. (D.I. 119, Ex. D at 204:1–208:7)

3

material fact. *See Celotex*, 477 U.S. at 322. The burden then shifts to the nonmoving party to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). An assertion of whether or not a fact is genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *Anderson*, 477 U.S. at 247–49 (emphasis omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted); *see also Celotex*, 477 U.S. at 322. If the non-movant fails to make a sufficient showing on an essential element of their case on which they bear the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. *See*

4

Fed. R. Civ. P. 56(e)(2)-(3). A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *See Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.*, 2014 WL 3783878, at *2 (D.N.J. July 31, 2014) (quoting *Muskett v. Certegy Check Servs., Inc.*, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

### b. Maritime Law: Substantial Factor Causation

The parties stipulated, and the court so ordered, that maritime law applies to all substantive issues in this litigation. (D.I. 104; D.I. 119 at 4) In order to establish causation in an asbestos claim under maritime law, a plaintiff must show, for each defendant, "that (1) he was exposed to the defendant's product, and (2) the product was a substantial factor[5] in causing the injury he suffered." *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (citing *Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 375 (6th Cir. 2001)); *Dumas v. ABB Grp., Inc.*, 2015 WL 5766460, at *8 (D. Del. Sept. 30, 2015), *report and recommendation adopted*, 2016 WL 310724 (D. Del. Jan. 26, 2016); *Mitchell v. Atwood & Morrill Co.*, 2016 WL 4522172, at *3 (D. Del. Aug. 29, 2016), *report and recommendation adopted*, 2016 WL

---

[5] "Maritime law incorporates traditional 'substantial factor' causation principles, and courts often look to the Restatement (2nd) of Torts for a more helpful definition." *Delatte v. A.W. Chesterton Co.*, 2011 WL 11439126, at *1 n.1 (E.D. Pa. Feb. 28, 2011). "The comments to the Restatement indicate[] that the word 'substantial,' in this context, 'denote[s] the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility.'" *Id.* (quoting Restatement (Second) of Torts § 431 cmt. a (1965)).

5122668 (D. Del. Sept. 19, 2016); *Denbow v. Air & Liquid Sys. Corp.*, 2017 WL 1199732, at *4 (D. Del. Mar. 30, 2017), *report and recommendation adopted*, 2017 WL 1427247 (D. Del. Apr. 19, 2017).

"In establishing causation, a plaintiff may rely upon direct evidence (such as testimony of the plaintiff or Decedent who experienced the exposure, co-worker testimony, or eye-witness testimony) or circumstantial evidence that will support an inference that there was exposure to the defendant's product for some length of time."[6] *Abbay v. Armstrong Int'l, Inc.*, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012) (citing *Stark*, 21 F. App'x at 376). On the other hand, "'[m]inimal exposure' to a defendant's product is insufficient [to establish causation]. Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." *Lindstrom*, 424 F.3d at 492 (quoting *Stark*, 21 F. App'x at 376) (internal citation omitted). "Rather, the plaintiff must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Abbay*, 2012 WL 975837, at *1 n.1 (quoting *Lindstrom*, 424 F.3d at 492). "Total failure to show that the defect caused or contributed to the accident will foreclose as a matter of law a finding of strict product[] liability." *Stark*, 21 F. App'x at 376 (citations omitted).

## IV. DISCUSSION

The court recommends granting Nash's motion for summary judgment because there is no genuine issue of material fact in dispute as to whether Mr. Cox was exposed to an asbestos-containing Nash product, as required by maritime law. Plaintiff provided no product identification evidence related to Nash. Therefore, there is no need for the court to address

---

[6] However, "substantial exposure is necessary to draw an inference from circumstantial evidence that the exposure was a *substantial* factor in causing the injury." *Stark*, 21 F. App'x at 376 (emphasis in original) (quoting *Harbour v. Armstrong World Indus., Inc.*, 1991 WL 65201, at *4 (6th Cir. Apr. 25, 1991)).

6

substantial factor causation under maritime law. *See Lindstrom*, 424 F.3d at 492 (noting that a plaintiff must first show that "he was exposed to the defendant's product" to survive summary judgment under maritime law) (citing *Stark*, 21 F. App'x at 376). The lack of evidence pertaining to product identification and causation forecloses Plaintiff's strict liability, wrongful death, and loss of consortium claims. Furthermore, there is no evidence in the record of willful and wanton conduct that would permit Plaintiff's claim of punitive damages against Nash to survive summary judgment. Therefore, the court recommends granting Nash's motion for summary judgment.

## V.  CONCLUSION

For the foregoing reasons, the court recommends GRANTING Nash's motion for summary judgment.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 16, 2021

Sherry R. Fallon
United States Magistrate Judge